## John W. Bradlee *et al.* versus Boston Glass Manufactory.

The Boston Glass Manufactory, having borrowed the sum of $3500, of the plaintiffs, gave them a note signed by K., as treasurer of the corporation, and indorsed by H. and G., as sureties. This note was subsequently taken up, and the following note was given for the same consideration: "For value received, we, the subscribers, jointly and severally, promise to pay the plaintiffs or order, for the Boston Glass Manufactory, $3500, on demand, with interest. Thirty days' notice shall be given before payment of this note, by either side." This note was signed by H., G. and K., without annexing to their names any words designating a connexion with the corporation; but it was entered in the note book of the corporation as a note due from the corporation, and the interest thereon was annually paid by them. It was *held*, that it was the note of the individuals by whom it was signed, and that it did not bind the corporation.

The plaintiffs in the same case, having recovered judgment upon the second note, against the individual signers, assigned all their interest in such judgment, but the judgment continued to be unsatisfied. It was *held*, that they could not waive such note and maintain an action against the corporation upon the original debt.

ASSUMPSIT on the following promissory note:—"Boston, 13 January, 1823. For value received, we, the subscribers, jointly and severally, promise to pay Messrs. J. and T. Bradlee or order, for the Boston Glass Manufactory, thirty-five hundred dollars, on demand, with interest. Jonathan Hunnewell, Samuel Gore, Charles F. Kupfer.

Thirty days' notice shall be given before payment of this note, by either side."

The declaration also contained the usual money counts
The defendants pleaded the general issue.

The parties stated a case.

The plaintiffs introduced in evidence the note book of the
corporation, duly authenticated, by which it appeared that,
on September 14, 1814, the plaintiffs lent to the corporation
the sum of $3500, for which they received the promissory
note of the corporation, signed by Kupfer, as treasurer, and
indorsed by Hunnewell and Gore, " as sureties." It further
appeared, that this sum went to the use of the corporation ;
that on January 13, 1823, the note was taken up, and the
note in suit given for the same consideration ; that the note in
suit was entered in the note book of the corporation as a note
due from them to the plaintiffs ; and that the interest was paid
thereon annually by the corporation till January 15, 1827.

The corporation failed in May 1827.

It also appeared by the records of the corporation, that on
March 9, 1824, an inventory of notes was reported by the
committee of accounts to the directors of the corporation, as
an inventory of notes due from the corporation, which includ-
ed the note in suit. The inventory was dated February 1,
1824.

On the part of the defendants, it was contended, that the
note in suit was the note of the individuals by whom it was
signed, and that the corporation were not liable thereon.

The defendants offered in evidence a writ, dated June 6,
1829, issued in favor of the plaintiffs against Hunnewell,
Gore and Kupfer, and containing only one count, in which the
plaintiffs declared upon the note now in suit; also, a copy of a
record of this Court, by which it appeared, that the plaintiffs
had recovered judgment by default in such action for the sum
of $4159·75, and costs, which judgment was not reversed,
annulled or satisfied; also, a deed of assignment, dated March
8, 1830, by which the plaintiffs, for the consideration of
$3347·13, assigned all their interest in such judgment to Ca-
leb G. Loring and Charles F. Kupfer, junior ; also, the
officer's return on the execution issued upon such judgment,
by which it appeared, that on September 7, 1830, Hunnewel
was arrested thereon and committed to jail ; and a deed of

covenant, dated October 11, 1830, by which the assignees of such judgment agreed with Gore, that, in consideration of his having paid to them one third part of the sum which was the consideration of the assignment, they would not cause him to be arrested or his property to be attached on such judgment, but that this should be without prejudice to their claims against the other judgment debtors.

The plaintiffs objected to the admission of this evidence ; but the objection was overruled by the Court.

It did not appear whether the plaintiffs made any attempt to obtain payment from the judgment debtor Kupfer ; nor that he was unable to satisfy such judgment.

If the Court should be of opinion, that the plaintiffs were entitled to recover, then judgment was to be rendered in their favor on the note for principal and interest ; otherwise, they were to be nonsuited.

*S. Hubbard* and *S. D. Ward*, for the plaintiffs, contended that the note in suit was originally the note of the defendants, the Boston Glass Company; *Mann* v. *Chandler*, 9 Mass. R. 335 ; *Wilks* v. *Back*, 2 East, 142 ; *Mott* v. *Hicks*, 1 Cowen, 532 ; *New Engl. Mar. In: Co.* v. *De Wolf*, 8 Pick. 56 ; *Northampton Bank* v. *Pepoon*, 11 Mass. R. 292 ; and if not, yet that by entering it on their books and paying the interest upon it, they had made it their note ; *Episcop. Charit. Soc.* v. *Episcop. Church in Dedham*, 1 Pick. 372 ; *Emerson* v *Providence Hat. Manuf. Co.* 12 Mass. R. 237; that the debt was founded upon a loan to the company, and that it was not merged in the note now in suit, inasmuch as the memorandum upon the note prevented it from being negotiable, and that the plaintiffs therefore might recover upon their original claim, treating this note merely as collateral security; *Watkins* v. *Hill*, 8 Pick. 523 ; and that if the plaintiffs had proceeded against the individuals who signed this note and also against the company, the judgment against these individuals, without a satisfaction, was not a bar to a suit against the company; *Drake* v. *Mitchell*, 3 East, 258 ; *Livingston* v. *Bishop*, 1 Johns. R. 290 ; *Rawson* v. *Turner*, 4 Johns. R. 475.

*W. Sullivan*, *contrà*, argued that the note in suit was the note of Hunnewell, Gore and Kupfer only ; *Mayhew* v.

*Bradlee*
*v.*
Boston
Glass Co.

*March 16th*

*Prince,* 11 Mass. R. 54 ; *Stackpole* v. *Arnold,* 11 Mass. R. 27 ; *Long* v. *Colburn,* 11 Mass. R. 97 ; Bayley on Bills (Phillips and Sewall's 1st edit.) 48 to 54 ; that it extinguished the original claim against the company; *Wiseman* v. *Lyman,* 7 Mass. R. 290 ; *Whitcomb* v. *Williams,* 4 Pick. 230 ; and that whether the company or the individual signers, or both, were once liable upon this note, the plaintiffs had themselves determined who should be their debtor, by electing to sue the individuals and taking judgment against them.

*March 23d.*   Shaw C. J. delivered the opinion of the Court. The first question which arises here, is, whether this was the promissory note of the Boston Glass Manufactory, or of the individuals who signed it.   It is not now contended, that a corporation may not give a promissory note by its agents, and is not to be treated, in this respect, like a natural person. The main question in the present case, arises from the form of the contract ; and the question is, whether in this form it binds the persons who signed it, or the company for whose use the money was borrowed.   As the forms of words in which contracts may be made and executed, are almost infinitely various, the test question is, whether the person signing professes and intends to bind himself, and adds the name of another, to indicate the capacity or trust in which he acts, or the person for whose account his promise is made ; or whether the words referring to a principal, are intended to indicate, that he does a mere ministerial act, in giving effect and authenticity to the act, promise and contract of another.   Does the person signing apply the executing hand as the instrument of another, or the promising and engaging mind of a contracting party ?   It is held in many cases, that although the contract of one is given for the debt of another, and although it is understood between the person promising and the party for whom the contract is entered into, that the latter is to pay it, or to reimburse and indemnify the contracting party, if he should be required to pay it, it is still, as between the parties to it, the contract of the party making it.   A leading and decisive case on this point is *Stackpole* v. *Arnold,* 11 Mass. R. 27.

With these views as to what the question is, and the grounds

on which it is to be considered, we are of opinion, that this was the promissory note and obligation of the three makers, and not of the company.

The words "for the Boston Glass Manufactory," if they stood alone, would perhaps leave it doubtful and ambiguous, whether they meant to bind themselves as promisors to pay the debt of the company, or whether they meant to sign a contract for the company, by which they should be bound to pay their own debt ; though the place in which the words are introduced, would rather seem to warrant the former construction.

But other considerations arise from other views of the whole tenor of the note. The fact is of importance that it is signed by three instead of one, and with no designation or name of office, indicating any agency or connexion with the company. No indication appears on the note itself, that either of them was president, treasurer or director, or that they were a committee to act for the company. But the words "jointly and severally" are quite decisive. The persons are, "we, the subscribers," and it is signed Jonathan Hunnewell, Samuel Gore and Charles F. Kupfer. This word "*severally*" must have its effect ; and its legal effect was to bind each of the signers. This fixes the undertaking as a personal one. It would be a forced and wholly untenable construction to hold, that the company and signers were all bound ; this would be equally inconsistent with the terms and the obvious meaning of the contract.

If we go out of the contract itself, and look at the relation in which the parties stood to each other, with the view of giving effect to the language of their contract for one purpose, we must for another. It is a circumstance relied on for the plaintiffs with some confidence, that the money was originally borrowed for the company, that the note was entered on the books, as the debt of the company, and that the interest was paid by them. But it further appears, that from 1814 to 1823, these promisees held the note of the company, guaranteed by two of these promisors, Gore and Hunnewell, the other, Kupfer, having signed it as treasurer, which did not render him personally liable, and that at that time all the par

ties were in good credit. Now upon the plaintiffs' hypothesis, they must have voluntarily relinquished the liability of two responsible guarantors, retaining the liability of the company only, and that for a large debt, which from the clause providing for a mutual notice of thirty days, seems intended to have been a kind of permanent loan. But upon the other hypothesis they retained the names of two responsible persons, and that in the more direct and unquestionable form of joint and several promisors, together with the name of another responsible person, as promisor, *in lieu* of that of the company.

As to -the point, that this note was not negotiable, and therefore not to be deemed within the principle of the law of this Commonwealth as payment of the prior debt of the company, we have not thought it necessary to examine critically, or decide, whether, according to the authorities, the negotiability of the note is affected by the memorandum upon it. The rule in question is adopted to fix the presumption of what the parties intended, by giving and taking a negotiable note for a prior simple contract debt. Here we think there is abundant evidence to show, that the note in question was taken and received in satisfaction and discharge of the prior debt of the company, the former note of the company being given up and cancelled.

But there is another view of this case, we think, still more clear. Where a person is allowed to waive a security given in satisfaction of a prior debt, and proceed upon the original cause of action, the note thus taken must be given up and restored unpaid, to the person from whom it was received. The plaintiffs now claim the debt, as due from the company, on the ground, that the note of Hunnewell, Gore and Kupfer, was not negotiable, has not been available to them, and they now waive it and claim upon the original debt due from the company. But before they can do this, they must show, that it has not been available to them, that they have made no use of it, and now restore and return it *in statu quo* to the defendants, the company from whom it was received. So far from that, they have sued it in their own names as the note of the three promisors, and have recovered a judgment for the amount of it. It is impossible therefore for the plain-

uffs to say, treating this as the note of the signers, that they have not received it in satisfaction of the company's prior debt and made it their own by their proceedings upon it.